UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIGIT E. TUTTLE,

    Plaintiff                                     Civil Action No. 16-11144
v.                                             HON.  PAUL D. BORMAN
                                               U.S. District Judge
                                               HON. R.  STEVEN WHALEN
COMMISSIONER OF SOCIAL        U.S. Magistrate Judge
SECURITY,

    Defendant.
_____/

**<u>REPORT AND RECOMMENDATION</u>**

      This is a Social Security Disability case.  Following judicial review of an unfavorable administrative decision, this Court remanded the case for further proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g) [Dkt. #33].  On remand, the Administrative Law Judge issued a favorable decision and awarded benefits to the Plaintiff Brigit E. Tuttle.  The Plaintiff now brings a motion for attorney fees under 42 U.S.C. § 406(b)(1), which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be GRANTED and that the Court award an attorney fee in the amount of $8,623.50, with a previously granted EAJA fee of $5,500.00 being refunded to the Plaintiff.

## I.   FACTS

Following this Court's remand under Sentence Four of 42 U.S.C. § 405(g), the ALJ issued a favorable decision, finding that Plaintiff had been disabled, within the meaning of the Social Security Act, since October 1, 2011.  Past due benefits were awarded in the amount of $66,894.00.  As is typical, Plaintiff entered into a 25% contingent fee agreement with her counsel, who states that "Plaintiff's administrative counsel received $8,100.00 for representing Plaintiff at the administrative level of review." *Motion*, ¶ 5.  Plaintiff's counsel requests an award of 25% of the remainder, which amounts to $8,623.50.

Following this Court's remand, the parties stipulated to an attorney fee award of $5,500.00 under the Equal Access to Justice Act ("EAJA")[Dkt. #36].  Counsel represents that if fees are awarded under § 406(b)(1), she will refund the EAJA fees to the Plaintiff.

The Defendant Commissioner does not oppose this motion, provided that the EAJA fees are refunded to the Plaintiff.  *See Defendant's Response* [Dkt. #40], pg. 4, Pg. ID 788.

## II.   DISCUSSION

42 U.S.C. § 406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). As is typical in Social Security Disability cases, Plaintiff entered into a 25% contingent fee agreement with her attorney. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

*Gisbrecht* rejected the lodestar approach as the measure of reasonableness in a § 406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved."

The Defendant does not object to Plaintiff's entitlement to or calculation of attorney fees, and my review of the Plaintiff's exhibits, including the contingent fee agreement and the time logs, persuades me likewise that the request is reasonable.

Fees awarded under this motion should be offset by the amount of EAJA fees awarded, with the EAJA fees being credited to the Plaintiff. *See Astrue v. Ratliff,* 130 S.Ct. 2521 (2010).

### III.   CONCLUSION

I recommend that Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b)(1) [Dkt. #37] be GRANTED, and that fees be awarded in the amount of $8,623.50, with a previously granted EAJA fee of $5,500.00 being refunded to the Plaintiff.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        s/ R. Steven Whalen  
                                                        R. STEVEN WHALEN  
                                                        UNITED STATES MAGISTRATE JUDGE  

Dated:  January 29, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 29, 2019, electronically and/or by U.S. mail.

                                                        s/Carolyn M. Ciesla  
                                                        Case Manager to the  
                                                        Honorable R. Steven Whalen